UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, | ) C/A No. 5:14-2441-RMG-KDW |
| Plaintiff, | ) |
| vs. | ) ORDER |
| South Carolina, State of; South Carolina Taxpayers, State of; Charleston Taxpayers, City of; North Charleston Taxpayers, City of; Carta Bus; Charleston Taxpayers, County of; Charleston County Public Defenders Office; Sheriff Al Cannon Employees; Sheriff Al Cannon; Sheriff Al Cannon Detention Center; City of Charleston Police Department; City of North Charleston Police Department; Department of Social Services; SOG of Sheriff Al Cannon Detention Center; Governor Nickki Haley; South Carolina Department of Mental Health; G. Werber Bryan Psychological Hospital; Dr. Ferlanto; Dr. Griswald; Crafts Farrow State Hospital; SCDMH Employees; SCDMH Staff; SCDMH Security; DHEC; Champus; Medical University of South Carolina; Just Care; GEO; Charleston County Solicitors Office; United States District Court; Fourth Circuit Court of Appeals; United States Supreme Court; South Carolina Court of Appeals; Dr. Russell Keith; J Bennice; Defendants Liability Insurance Policyholder; Alan Wilson; Albert Pierce; S. C. State Treasury; SCDMH Health Care Providers, | ) |
| Defendants. | ) |

This is a civil action filed by a pro se litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By Orders dated July 14 and August 1, 2014, Plaintiff was given a specific time frame in which to bring this case into proper form. Plaintiff has complied with the court's Orders to the extent that he intends to do so, and this case is now in sufficiently proper form for initial review.

<u>"OBJECTIONS"/MOTION TO RECUSE (ECF No. 19)</u>:

Certain portions of the document docketed as Plaintiff's "Objections" may be construed as an un-docketed motion seeking to have the undersigned recuse herself from this case. ECF No. 19. Plaintiff requests recusal because the undersigned does not have a medical degree and because he believes that the directions and rulings contained in the orders in this case and in some of Plaintiff's previous cases show "bias" and "prejudice." *Id*. A judge should recuse him or herself if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In addition, a judge must disqualify him or herself "[w]here he has a personal bias . . . concerning a party. . . ." *Id.* § 455(b)(1). The Fourth Circuit Court of Appeals has ruled that "a presiding judge is not required to recuse [him or herself] because of 'unsupported, irrational or highly tenuous speculation.' " *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (citing *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). The test to be applied is "whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *Id*.

The undersigned has reviewed Plaintiff's allegations supporting his un-docketed Motion for Recusal and finds them to be meritless. There is no requirement that a judge have a medical degree, and a litigant cannot force a judge to recuse him or herself for lack of such degree. Also, Plaintiff's conclusory allegations that the undersigned "is bias, prejudice . . ." because of the rulings and directions in previous orders in this case show, at most, "unsupported, irrational, or highly tenuous speculation," which is not sufficient to require recusal in this case. *United States, v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Furthermore, the contents of Plaintiff's "Objections" to the second Order issued in this case, ECF No. 19, and his "Reply" to the initial Order in this case, ECF No. 8, indicate Plaintiff's disagreement with the undersigned's statements of applicable law regarding the proper drafting of pleadings required by the Federal Rules of Civil Procedure. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994), and the fact that a magistrate judge issues orders with which the prisoner disagrees is not a valid ground for recusal of the magistrate judge. *See Holloway v. United States*, 960 F.2d 1348, 1350-51 (8th Cir. 1992) *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994).

Accordingly, to the extent that Plaintiff's "Objections" may be construed as a Motion for Recusal, that Motion is denied.

PAYMENT OF THE FILING FEE:

Plaintiff has submitted an Application to Proceed without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a Motion for Leave to Proceed *in forma pauperis*. ECF No. 20; *see* 28 U.S.C. § 1915. A review of the Motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981).

TO THE CLERK OF COURT:

      The Clerk of Court is directed to list the parties on the docket as they are listed in the caption of this Order.

      The Clerk of Court shall *not* issue any summonses or forward this matter to the United States Marshal for service of process at this time because this case is subject to summary dismissal as recommended in the Report and Recommendation issued contemporaneously with this Order.

      IT IS SO ORDERED.

September 12, 2014　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　United States Magistrate Judge