UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, | ) C/A No. 5:14-2441-RMG-KDW |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| South Carolina, State of; South Carolina Taxpayers, State of; Charleston Taxpayers, City of; North Charleston Taxpayers, City of; Carta Bus; Charleston Taxpayers, County of; Charleston County Public Defenders Office; Sheriff Al Cannon Employees; Sheriff Al Cannon; Sheriff Al Cannon Detention Center; City of Charleston Police Department; City of North Charleston Police Department; Department of Social Services; SOG of Sheriff Al Cannon Detention Center; Governor Nickki Haley; South Carolina Department of Mental Health; G. Werber Bryan Psychological Hospital; Dr. Ferlanto; Dr. Griswald; Crafts Farrow State Hospital; SCDMH Employees; SCDMH Staff; SCDMH Security; DHEC; Champus; Medical University of South Carolina; Just Care; GEO; Charleston County Solicitors Office; United States District Court; Fourth Circuit Court of Appeals; United States Supreme Court; South Carolina Court of Appeals; Dr. Russell Keith; J Bennice; Defendants Liability Insurance Policyholder; Alan Wilson; Albert Pierce; S. C. State Treasury; SCDMH Health Care Providers, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
|       Defendants. | ) |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.  Factual and Procedural Background

Christopher Odom ("Plaintiff") initiated this action by submitting a partially completed complaint form, using a form the court has approved for use by state prisoners. *See* Compl., ECF No. 1. The Complaint contained no specific factual allegations that raised any clear claim of wrongdoing or liability for another's wrongdoing against the listed Defendants: "State of South Carolina/State of South Carolina Taxpayers et al." *Id.* at 1. Directly under the printed words "COMPLAINT State Prisoner," Plaintiff wrote: "#14-6159/#14-6169 Amended and Remanded back to jurisdiction of case/claim." *Id*. Within the body of the Complaint in the "STATEMENT OF CLAIM" area, Plaintiff again referenced "#14-6159/#14-6169" and stated he had provided this court, the Fourth Circuit Court of Appeals ("Fourth Circuit"), and the United States Supreme Court with "authorization of records/medical authorization . . . on 6/7/14[.]" *Id*. at 3. Plaintiff alleges he mailed the authorization to the Fourth Circuit in connection with a "petition for hearing en banc [etc.]." *Id*. Plaintiff signed this Complaint and, directly under his signature includes the following language:

> We respectfully request that the court be provided with all diagnosis of plaintiff, the prescribed treatment, your prognosis your daily treatment notes (including intake sheet and/or any document . . . concerns.[1] Everything in file and a copy of your itemized bill. Be sure to send court copy of medical bills with the records.

*Id*. Plaintiff included a second signature and date under this statement. *Id*. The only other allegation contained in the "STATEMENT OF CLAIM" section of the complaint form is "see claim # 14-6159/#14 6169 amendment." *Id*. at 4. In the "RELIEF" section of the complaint form, Plaintiff wrote "Admendment SEE claim relief # 14-6159/# 14-6169 (same relief state in case/claim # 14-6159, # 14-6169 Admendment." *Id*. at 5.

---

[1] Plaintiff wrote his "patient number" into the allegations, but, due to privacy concerns, the undersigned does not include that number within the quoted material from the pleading.

2

In an attempt to interpret the limited, conclusory allegations in the Complaint, the undersigned reviewed the dockets of each of the fourteen pro se cases that Plaintiff has filed in this court since February 2011.[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."'). That review disclosed that the two case numbers that Plaintiff references in the Complaint are Fourth Circuit appeal numbers for two of Plaintiff's previous cases that had originated in this court: #14-6169 was an appeal from this court's grant of a motion to dismiss his 28 U.S.C. § 2254 petition in *Odom v. South Carolina*, Civil Action No. 3:11-2713-RMG (habeas corpus action against the South Carolina Department of Mental Health ("SCDMH")); and # 14-6159 was an appeal from a summary dismissal for failure to comply with the directions contained in orders issued in *Odom v. South Carolina*, Civil Action No. 5:13-2632 (a non-habeas civil action naming 39 "defendants;" confusing allegations as to a period of involuntary confinement under control of SCDMH to conduct competency evaluation for pending criminal matters in Charleston County; case not brought into proper form as directed by this court). The Fourth Circuit dismissed Appeal No. 14-6169 for lack of jurisdiction because the notice of appeal was filed too late. It did not remand the case to this court. *Odom v. South Carolina*, No. 14-6169, 2014 WL 2464986 (4th Cir. June 3, 2014) (appeal from Civil Action No. 3:11-2713-RMG). The appeal in Appeal No. 14-6159 was also dismissed for lack of jurisdiction because the court ruled that Plaintiff had not attempted to "cure the pleading deficiencies in the complaint that were

---

[2] Plaintiff has filed 30 pro se cases in this court since December 1998.The dockets in Plaintiff's fourteen cases filed since 2011 disclose that the majority of them were never brought into proper form under circumstances similar to that in this case: Plaintiff's complaint was difficult to decipher so he was directed to re-plead his case by submitting an amended complaint, but he failed to comply with those directions. *See, e.g.*, Civil Action Nos. 3:11-605-RMG; 3:11-606-RMG; 3:11-901-RMG; 3:11-903-RMG; 3:11-1053-RMG; 3:11-1080-RMG; 3:11-1081-RMG; 3:11-1082; 3:11-1488-RMG.

3

identified by the district court," but had, instead, filed an improper appeal of a non-final order. The Fourth Circuit did not remand the case to this court. *Odom v. South Carolina*, No. 14-6159, 2014 WL 2464570 (4th Cir. June 3, 2014) (appeal from summary dismissal in Civil Action No. 5:13–2632–RMG).

Understanding the history of the appeals Plaintiff references in his Complaint did not make clear to the undersigned what relief Plaintiff sought from this court. The undersigned liberally construed the minimal allegations in the Complaint consisting primarily of the "authorization" language quoted above and Plaintiff's repeated references to the two Fourth Circuit appeals and use of the word "amendment" and "remanded back." From that review, it appeared that Plaintiff was under the impression that he could re-instate the previously dismissed cases by filing this new case because his appeals were dismissed by the Fourth Circuit even though that court did not include a direction of remand in either of its opinions.[3] The undersigned was of the opinion that the Complaint, as submitted, was not sufficiently factually detailed to state any claim against either Defendant and that Plaintiff should be given another opportunity to plead a plausible claim and to provide the required service documents for any Defendant he intended to sue under the amended complaint he was directed to submit. Because of the lack of a proper Complaint and because of the uncertainty of Plaintiff's filing status (prisoner or non-prisoner) at the time he submitted his Complaint, an initial Order was issued in this case containing directions to Plaintiff that needed to be complied with to bring this case into proper form to permit the court to conduct a full initial review. ECF No. 6; *see* 28 U.S.C. §1915(e)(2)(B)(i), (ii) (to protect against possible abuses of the *in forma pauperis* privilege, district courts are authorized to dismiss a pro se case upon a finding

---

[3] Review of the dockets in Civil Action Nos. 13-2632 and 11-2713 discloses no motion by Plaintiff to re-open either case.

that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious").

Plaintiff was directed to submit an amended complaint with more detailed factual allegations and request for relief, to answer Special Interrogatories about his pro se filing status, and to complete and submit the required service documents for any Defendants he intended to sue under the amended complaint. ECF No. 6. Plaintiff was specifically informed that he could not "reinstate" previously dismissed cases when an appellate court dismissed appeals from the district court dismissals. *Id*. at 2. Plaintiff was also specifically informed that he could not simply cross reference to previously dismissed pleadings for his "allegations" and that he needed to submit a new complaint that "independently meets the requirements of Federal Rule of Civil Procedure 8." *Id*. The Order informed Plaintiff that the Complaint he submitted to open this case "meets none of the Rule 8 requirements" and that he needed to submit a proper, factually detailed amended complaint "if [he] wishes to continue this case past the initial review stage . . . ." *Id*. Blank service documents and a blank "non-prisoner" complaint form were provided to Plaintiff along with a set of special interrogatories containing five questions all directly related to the issue of whether or not Plaintiff was a "prisoner" or a "non-prisoner." *Id*. at 3. Plaintiff was specifically informed that failure to comply with any of the directions contained in the Order could subject this case to dismissal for failure to comply with an order and/or failure to prosecute. *Id*. at 1, 3.

In response to the initial Order, Plaintiff submitted an Amended Complaint in which he continued to reference the two dismissed appeals and the two dismissed cases from this court that were the subject matter of those appeals. Am. Compl. 1, ECF No. 9. The Amended Complaint did not, however, contain specific factual allegations (who, what, when, where, how, etc.) against any of the five Defendants listed in the caption of that pleading: the original two Defendants, plus

5

"City of Charleston taxpayers[,] City of N. Charleston Taxpayers[,] County of Charleston Taxpayers[,] Carta Bus et al." Plaintiff also included references to a Social Security claim and the "authorization to disclose information" relating to that claim and stated that he "stand on-Amended c/a no. 5:14-2441-RMG-KDW [this case], 5:13 cv-02632 3:11-cv-02713, U.S.C.A. #14-6169 U.S.C. A. # # 14-6159 -> Affordable Health Care Reform Law." Am. Compl. 3, ECF No. 9. In addition to the Amended Complaint, Plaintiff submitted his Answers to the Court's Special Interrogatories, ECF No. 10, and a separate page of paper that this court docketed as a "Reply" to the initial Order, ECF No. 8. The Reply appears to be a copy of a petition for writ of certiorari addressed to the United States Supreme Court and it contains references to the two Fourth Circuit appeals discussed previously and to this case (14-2441) and the two previous cases from this court that were the subjects of the Fourth Circuit appeals (13-2632 and 11-2713).[4] The Reply contains many conclusory statements about "questions presented," which appear to be Plaintiff's summarization/explanation of the claims he unsuccessfully attempted to raise before this court in Case Nos. 13-2632 and 11-2713 and, in turn, before the Fourth Circuit in Appeal Nos.14-6169 and 14-6159. In this regard, Plaintiff lists: "affordable health care reform law for pre-existing conditions . . . cruel and unusual punishment . . . involuntary confinement to S.C.D. M.H./imminent danger . . . false imprisonment K380534 warrant . . . ." ECF No. 8. The Reply also

---

[4] There do not appear to be any petitions for writ of certiorari filed by Plaintiff currently pending before the United States Supreme Court. *See* http://www.supremecourt.gov/ (last consulted Sept. 10, 2014). The Court's docket discloses that a pre-filing injunction was entered against Plaintiff on November 15, 2010. *Odom v. Mt. Pleasant Police Dep't Ins. Policy Holder*, Case No. 10-6347. Under that order, Plaintiff is precluded from proceeding *in forma pauperis* before that Court in connection with any non-criminal matter. The Court's order states: "As the petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and the petition is submitted in compliance with Rule 33.1. *See Martin v. District of Columbia Ct. App.*, 506 U.S. 1 (1992) (per curiam)." *See In Re Katrina Canal Breaches Consol. Litig*., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records).

contains notations to the effect that Plaintiff seeks to assert these "claims" against "U.S.D.C. or S.C. defendants of claims(s) 3:11 cv 2713, 5:13 cv 02632, 5:14 cv 2241 . . . U.S.C.A. 4th Circuit Virginia defendants of claims) # 14-6169, # 14-6159." ECF No. 8. The page concludes with the following words:

> By March of 2012 Plaintiff of claim U.S.D.C. 3:11-cv-02713, 5:14 cv 02441, 5:13 cv 2632 U.S.C. A. # 14-6169 USCA # 14-6169 is suffering from Defendants of all above listed claims cruel and unusual punishment and denial of Plaintiff Affordable Health Care Law Reform to include However not limited Housing under Section 8, Social Security Claim . . . and Affordable Health Care Reform for patient with pre-existing conditions/Health care from health care providers non-affiliated with defendants however defendants must fit the bills (medical, housing, social security benefits) due to damage in relief requested of claims for above cases listed.

ECF No. 8.

Several days later, Plaintiff submitted many additional, disorganized documents to the court, which appear to be copies of documents created in connection with some of his previous, closed cases before this court and with previous appeals before the Fourth Circuit. Plaintiff referred to these documents as "background." At the same time, Plaintiff also submitted 13 pages of a court-approved habeas corpus petition form that contain Plaintiff's handwriting on the top of each page stating the following in essentially the same terminology on each page:

> Relief - Amended claim habeas corpus U.S.D.C. of S.C. # 5:14-cv-02441 South Carolina Department of Mental Health patient # . . . S.A.C.D.C. # 905, C.C.O.H. , S.S. A. - 827, S.S.C. M. 73101, false imprisonment warrant # K38053 warrant # 95 DRIVO 5342, Affordable Health Care Reform Law assault/restraint chair reparations, torture Carta Bus, incubetor, tazer gun, transportation, solitary confinement denied access to court

ECF No. 13 at 1; *see also id*.-at 2-13 (on the top of some pages Plaintiff added "S.C. Ann. Code § 15-78-10 et. seq. food as weapon cruel and usual punishment false imprisonment"). On the last page of the habeas corpus petition form, Plaintiff stated that he objects to those portions of the initial Order issued in this case wherein Plaintiff was informed that he could not re-instate the

7

claims he unsuccessfully tried to assert in previously dismissed cases by his references to those cases in the pleadings he submits in this case. ECF No. 13 at 13. Plaintiff also objected to the portion of the initial Order containing directions that he needed to submit a complete, factually detailed, independent complaint or amended complaint that clearly stated the facts and claims he intended to raise and that satisfies Federal Rule of Civil Procedure 8. *Id.* Plaintiff also stated,

> This claim is a cruel and unusual punishment and medical malpractice et. al Affordable Health Care Reform case where the federal courts has force the victim, the patient involuntarily, the trauma-mental, physical, psychological suffering victimize Plaintiff . . .to refrain from re-instated the facts of claim U.S.D.C. # 5:13-cv-02632, # 3:11-cv-02713, U.S.C.A. # 14-6159, U.S.C.A. # 14-6169 despite the facts of [Plaintiff's] requested/demanded medical health treatment due to injuries suffered in claim 3:11-cv-2713 from non-affiliated health care providers of Defendant. The court took a bias position and denied Plaintiff . . . judgment by default . . . Plaintiff mental issue worsen/Plaintiff filed Social Security claim . . . the "LAW" change . . . the Affordable Health Care Law Ruling by Supreme Court of United States effective October 1, 2012 . . . Plaintiff . . . is medically mentally in imminent danger . . . the courts cannot deny patient . . . the law Affordable Health Care, Social Security Claim . . . , and reparation of approx. 26 million dollars.

*Id*. Plaintiff also submitted a one-page document that he captioned "Complaint & Motions Pursuant to (1) thru (26) and Summary Judgment." ECF No. 14. That document contains 26 "paragraphs," most of which consist of un-explained citations to several Federal Rules of Civil Procedure and Evidence, Local Rules of this court, and federal case law. *Id*. It also includes allegations about Plaintiff's involuntary placement in a SCDMH-controlled facility, about a "Carta Bus accident on 9-9-12," and about an alleged assault "by a civilian . . . in the back seat of a City of Charleston police car/transport" that Plaintiff suffered "on May 3, 2014." *Id*. Plaintiff also cited to several other cases that he previously filed in this court between March 2011 and June 2011 regarding conditions of his confinement at Charleston County Detention Center or in a SCDMH facility, but which were dismissed for his failure to bring them into proper form. (Civil Action Nos. 3:11-091, -903, -605, -606, -1488). Plaintiff stated that he was involuntarily placed in

8

SCDMH custody as a deterrent to his pursuit of those cases allegedly involving use of a "restraint chair from Oct. 12, 2010 thru Jan. 24, 2012, torture, cruel and usual punishment, deliberate indifference." *Id*. Finally, Plaintiff stated that the undersigned United States Magistrate Judge should "recuse" herself from this case and that she exhibited "bias of mental health case # 13-cv-02632 and 3:14-cv-02441." *Id*. The Clerk of Court docketed this document as a Motion for Summary Judgment. ECF No. 14.

By Order dated August 1, 2014 ("the second Order"), the Clerk was directed to terminate the Motion for Summary Judgment because, if considered a true Motion for Summary Judgment, it was submitted prematurely. ECF No. 16. However, the second Order also directed the Clerk to make the document an attachment to the Amended Complaint so that its contents could be considered part of the Amended Complaint for purposes of the initial review. *Id*. The second Order also informed Plaintiff that the Clerk of Court had been directed to return the excessively voluminous documents that he designated "background" to him, and Plaintiff was again informed that his submissions up to that point did not satisfy Rule 8's minimal pleading requirements "due to their excessive length, rambling style, and lack of organization, all of which make it virtually impossible for the court to determine what claim or claims Plaintiff is attempting to allege against which of his six Defendants." *Id*. at 3. Plaintiff was also warned that if he continued to submit "excessively voluminous unexplained, unorganized documents to the court in the future," he risked being sanctioned by the court for doing so. *Id*.

In response to the second Order, Plaintiff filed a document captioned "objections" in which he states that the undersigned should recuse herself from further consideration of this case because the rulings in his previous cases allegedly show "bias, prejudice" and because she is "lacking a medical degree, expertise on the importance of history/past events" regarding Plaintiff's

9

involuntary placement in SCDMH custody and subjection to forced medication "for 60 days . . . ." ECF No. 19. Attached to Plaintiff's Objections is another partially completed habeas corpus petition form in which Plaintiff appears to have written in the names of the persons and entities that had been listed as defendants in Plaintiff's previously dismissed case: Civil Action No. 5:13-2632. ECF No. 19-1 at 1.[5] Most of the other handwritten notations on the form appear to be legal citations and an additional item of "relief" of "life and accident insurance" for Plaintiff "to infinity." *Id*. at 5. Plaintiff concludes by stating that the undersigned "is trying to make things difficult for Plaintiff whom has mental issues caused by diffendent [sic] placing Plaintiff in S.C.D.M.H. & other atrocities." ECF No. 19-1 at 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which

---

[5] Based on this filing and based on Plaintiff's listing of many of the same persons and entities in his "supplemental pleading," ECF No. 12 at 3, that is also being considered part of the Amended Complaint, the undersigned has liberally construed Plaintiff's intent to add these persons and entities as additional Defendants in this case. Accordingly, all persons and entities listed as defendants in Civil Action No. 5:13-2632 have been listed as Defendants in the caption of this Report. Also, by Order issued contemporaneously with this Report, the Clerk of Court has been directed to list these additional Defendants on the docket of this case.

relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

Although the United States Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) standard in dismissing pro se complaint). *Accord Atherton v. D. C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("A

11

pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'") (quoting *Erickson*, 551 U.S. at 94, and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) respectively). Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 678 (citations omitted) (quoting *Twombly*, 550 U.S. at 555-57, 570 and citing to *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument. *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1219, at 277–78 (3d ed. 2004 and Supp. 2010). Also, the Fourth Circuit has held that a pro se litigant's failure or outright refusal to comply with directions contained in a court order may subject that litigant's case to involuntary dismissal *with prejudice* under Federal Rule of Civil Procedure 41 so long as the district court provided an "explicit and clear" warning that the failure to comply with the order would result in dismissal of the case. *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993); *see also Ballard v. Carlson*, 882

F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate when warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

Initially, the Amended Complaint under review in this case is subject to summary dismissal as it does not comply with the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against the 40 Defendants now listed. Despite clear and explicit warnings that dismissal could result from a failure to comply with the court's directions provided to Plaintiff in both of the Orders issued in this case since its filing, Plaintiff has not submitted a pleading that independently satisfies the minimal requirements of Rule 8 (a). Instead, Plaintiff appears to demand that the court allow him to "incorporate by reference" all of his submissions from as many as seven previous cases that he filed in this court in order to form his pleadings in this new case. The undersigned informed Plaintiff that he was not allowed to rely on prior pleadings instead of submitting an independent pleading in this case, *see* ECF No. 6; however, he persists and objects to those directions.

While it is true that Federal Rule of Civil Procedure 10(c) allows litigants to incorporate certain pleadings and/or other documents into a pleading through specific reference, it has been recognized that this "privilege . . . can be easily abused," and it is within the trial court's discretion whether or not to permit incorporation by reference in pleadings. *Hinton v. Trans Union, LLC,* 654 F. Supp. 2d 440, 447 n.16 (E.D. Va. 2009) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006); *McManus v. Williams*, 519 F. Supp. 2d 1, 5 (D.D.C. 2007); *Wolfe v. Charter Forest Behavioral Health Sys., Inc*., 185 F.R.D. 225, 230 (W.D. La. 1999)). It has been stated that excessive incorporation by reference may "be problematic" in that "it can result in an unnecessarily long and confusing pleading and counts that contain irrelevant facts or defenses, and it can prevent the

opposing party from reasonably being able to prepare a response or simply make the burden of doing so more difficult." 5A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1326 (3d ed. updated April 2014). Several federal courts have held that a trial court should not allow requested incorporation-by-reference of outside documents or pleadings if such incorporation would result in a "shotgun" pleading or would otherwise result in prejudice to opposing parties. *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 980-84 (11th Cir. 2008) (parties and court should object to shotgun pleading including excessive incorporation of outside documents); *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 905-06 (D. Iowa 2001) ("Excessive incorporation by reference from one count to another can lead to the introduction into the pleadings of considerable unnecessary matter."). *Cf.   U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1051-52 (7th Cir. 1979) (a claim that "appears to be a legal bouillabaisse with bits of [several different claims] . . . all stirred and served as one count" should be dismissed); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims). Also, it has been held that an attempt to incorporate a previously dismissed or "abandoned" pleading into an amended pleading should not be allowed. *See Levitch v. Columbia Broadcasting Sys., Inc.*, 94 F.R.D. 292, 295 (S.D.N.Y. 1982).

In this case, Plaintiff's attempted incorporation of his pleadings from his previous seven civil cases that were never brought into proper form or that were dismissed on the merits through a summary judgment would result in a "shotgun" Amended Complaint and would, if allowed, result in excessive confusion and prejudice to any of the 40 listed Defendants upon which or whom the court might authorize service of the Amended Complaint. Moreover, even if the court were to ignore Plaintiff's intentional failure to comply with the directions contained in the two Orders previously

14

issued and permit the attempted incorporation-by-reference of all of Plaintiff's previous pleadings, that would not save Plaintiff's Amended Complaint from summary dismissal for lack of compliance with Rule 8(a). This is true because none of the complaints submitted in the previous non-habeas civil actions that Plaintiff references complied with Rule 8(a). In the prior cases, too, Plaintiff failed to comply with the court's direction in the initial orders regarding the original pleadings' inadequacies. Incorporation of previous inadequate pleadings into a "new" pleading does not correct the problems that were noted in the incorporated pleadings. *See Levitch*, 94 F.R.D. at 295. Plaintiff should have submitted the independent pleading he was directed to submit. His refusal to do so despite clear and explicit warnings that failure to comply could result in dismissal of his case requires summary dismissal of this case without issuance of process for any listed Defendant.

Furthermore, even the most liberal construction of the allegations contained in the Amended Complaint (as supplemented by subsequent submissions and incorporated pleadings) in this case fails to show that any plausible federal claim is stated against any Defendant. To give Plaintiff every benefit, his pleadings indicate he is attempting to recover damages and other relief from some person or entity for 1) a period of involuntary commitment to one or more SCDMH facilities for competency evaluations; 2) personal injuries allegedly caused by an unknown assailant in a police vehicle; 3) personal injuries allegedly arising from Plaintiff's being hit by a bus in the City of Charleston; 4) personal injuries allegedly arising from unconstitutional confinement in either county or city jails/detention centers in the Charleston, South Carolina area; and 5) allegedly improper dismissals of his previous cases and/or appeals. Significantly, however, it is impossible to determine from Plaintiff's allegations which of the forty Defendants he seeks to hold liable for which of his alleged injuries. Plaintiff uses the collective term "defendants" in all his allegations without specifying to which Defendant or Defendants he is referring. No specific allegations make it clear which of the

named Defendants did what to Plaintiff and when such actions occurred because Plaintiff lumps all of his claims together without any type of organization or specification of which problems he associates with which Defendants. As submitted, the court is left with the prospect of being required to sift through pages and pages of unorganized, confusing, and prolix documentation in an attempt to discover what Plaintiff is "really" saying and about whom or what he is saying it. This is an extraordinary waste of precious judicial resources and should not be required in this case.

The undersigned further notes that, even if the court were able to discern any plausible federal claims against someone from Plaintiff's shotgun pleadings, many of the named Defendants cannot be sued in this court. For example, Defendants State of South Carolina, SCDMH, DHEC, Department of Social Services, and South Carolina State Treasury are all entitled to Eleventh Amendment immunity from lawsuits in this court. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Also, Defendant Haley is entitled to executive immunity for any general duty of enforcement of a statute or agency management that she is required to take in her role as Governor of the State of South Carolina, *see Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 331 (4th Cir. 2001); Defendant Wilson, the South Carolina Attorney General, is entitled to prosecutorial immunity for any actions taken in connection with his supervisory role over prosecution-related activities in this state; and this court, the United States Supreme Court, the Fourth Circuit Court of Appeals, the South Carolina Court of Appeals, and their individual members are entitled to absolute judicial immunity from claims for relief allegedly arising from the courts' legal decisions or opinions in cases brought by Plaintiff. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987).

Finally, to the extent that any of Plaintiff's allegations could be liberally construed as stating plausible claims for constitutional violations pursuant to 42 U.S.C. § 1983,[6] many of the named Defendants would not be proper defendants under that statutory provision because they do not qualify as persons who can act under color of state law. To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Applying the above law to Plaintiff's Amended Complaint shows that the following Defendants are not persons who can act under color of state law: State of South Carolina Taxpayers;

---

[6] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added).

City of Charleston Taxpayers; City of North Charleston Taxpayers; Carta Bus; County of Charleston Taxpayers; Charleston County Public Defenders Office; Sheriff Al Cannon Employees; Sheriff Al Cannon Detention Center; City of Charleston Police Department; City of North Charleston Police Department; SOG of Sheriff Al Cannon Detention Center; G. Werber Bryan Psychological Hospital; Crafts Farrow State Hospital; SCDMH Employees; SCDMH Staff; SCDMH Security; Champus; Medical University of South Carolina; Just Care; GEO; Charleston County Solicitors Office; Defendants Liability Insurance Policyholder; SCDMH Health Care Providers.

Immunity or inability to act under color of state law apply to all but six of the named Defendants; Sheriff Al Cannon, Dr. Ferlanto; Dr. Griswald; Dr. Russell Keith; J. Bennice; and Albert Pierce. As stated previously, Plaintiff's unorganized and confusing allegations are so lacking in factual detail that they are not sufficient to state any other kind of plausible federal claim against any of these six individual Defendants.

IV.     Recommendation

Accordingly, because Plaintiff intentionally refused to comply with clear and explicit directions from this court and because his Amended Complaint fails to state any plausible federal claims against any Defendant, it is recommended that the district court dismiss the Amended Complaint and this case *with prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

September 12, 2014                                              Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).