IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2014 OCT 17 P 2: 11

| | |
|---|---|
| Christopher Odom, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>South Carolina, State of; South Carolina )<br>Taxpayers, City of; North Charleston Taxpayers, )<br>City of; Carta Bus; Charleston Taxpayers, County )<br>of; Charleston County Public Defender's Office; )<br>Sheriff Al Cannon Employees; Sheriff Al Cannon; )<br>Sheriff Al Cannon Detention Center; City of )<br>Charleston Police Department; City of North )<br>Charleston Police Department; Department of )<br>Social Services; SOG of Sheriff Al Cannon )<br>Detention Center; Governor Nickii Haley; South )<br>Carolina Department of Mental Health; G. Werber )<br>Bryan Psychological Hospital; Dr. Ferlanto; Dr. )<br>Griswald; Crafts Farrow State Hospital; SCDMH )<br>Employees; SCDMH Staff; SCDMH Security; )<br>DHEC; Champus; Medical University of South )<br>Carolina; Just Care; GEO; Charleston County )<br>Solicitors Office; United States District Court; )<br>Fourth Circuit Court of Appeals; United States )<br>Supreme Court; South Carolina Court of Appeals; )<br>Dr. Russel Keith; J Bennice; Defendants Liability )<br>Insurance Policy Holder; Alan Wilson; Albert )<br>Pierce; S.C. State Treasury; SCDMH Health Care )<br>Providers, )<br>)<br>  Defendants. )  | No: 5:14-2441-RMG<br><br>ORDER |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that the Court dismiss the Amended Complaint because Plaintiff refused to comply with the Court's Orders, and because his Amended Complaint fails to

comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 28). For the reasons set forth below, the Court ADOPTS the R & R as the order of the Court, as modified.

## Background

Plaintiff filed this *pro se* claim requesting to proceed *in forma pauperis* on June 19, 2014. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. The Magistrate Judge determined that Plaintiff's Complaint was not brought in proper form, and as submitted, was not factually detailed enough to state a claim. (Dkt. No. 6). Thus, on July 14, 2014, the Magistrate Judge issued an initial Order containing directions to Plaintiff on how to bring this case into proper form so that the court could conduct a full initial review. (*Id.*). Specifically, Plaintiff was directed to submit an amended complaint with more detailed factual allegations and requests for relief, to answer Special Interrogatories about his *pro se* filing status, and to complete and submit the required service documents for any Defendants he intended to sue. (*Id.*).

In response to this initial Order, Plaintiff timely submitted an Amended Complaint on July 25, 2014. (Dkt. No. 9). In addition to the Amended Complaint, Plaintiff also submitted his Answers to the Special Interrogatories, and a separate page of paper that the Court docketed as a "Reply." (Dkt. Nos. 8, 10). On or about July 28, 2014, Plaintiff submitted many additional documents that he designated as "background," along with thirteen pages of a court-approved habeas corpus petition form. (*See* Dkt. No. 13 (habeas petition form)). Then, on July 30, 2014, Plaintiff submitted a document captioned "Complaint & Motions Pursuant to (1) thru (26) and Summary Judgment." (Dkt. No. 14). By Order dated August 1, 2014, the Motion for Summary Judgment was terminated for being submitted prematurely, and the Clerk was directed to make

2

the document an attachment to the Amended Complaint. (Dkt. No. 16). Pursuant to this Order, the Clerk of Court was also directed to return the documents Plaintiff had submitted to the Court as "background," and Plaintiff was again informed that his submissions did not satisfy the minimal pleading requirements of Rule 8. (*Id.*). Plaintiff was also warned that if he continued to submit "excessively voluminous unexplained, unorganized documents to the court in the future," he risked being sanctioned by the court for doing so. (*Id.*).

In response to this Order, Plaintiff filed a document captioned "objections" requesting that the Magistrate recuse herself because her previous rulings in the case show that she is biased and prejudicial towards the Plaintiff since she "[lacks] a medical degree, [and] expertise on the importance of history/past events" regarding Plaintiff's placement in SCDMH. (Dkt. No. 19).

In her R & R, the Magistrate Judge details Plaintiff's allegations in his Amended Complaint and other documents, to the extent that they are discernable, and the Court does not repeat them here. (Dkt. No. 28 at 2-10). The Magistrate Judge recommends that the Court dismiss the Amended Complaint with prejudice because Plaintiff refused to comply with the Court's Orders to bring the case into proper form and because his Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 28). Plaintiff filed timely objections to the R & R. (Dkt. No. 32)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate." 28 U.S.C. § 636(b)(1). This court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## Discussion

The Magistrate Judge dutifully reviewed the pleadings and accurately summarized the Rule 8 pleadings requirements articulated by the Untied States Supreme Court. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a "short and plain" statement of the Plaintiff's claim. However, while

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-

> harmed me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 570 (2007).

In the present case, Plaintiff has not submitted a pleading that independently satisfies the Rule 8 requirements and has instead demanded that the court allow him to "incorporate by reference" submissions he has made to the Court in numerous previously filed suits. Rule 10(c) of the Federal Rules of Civil Procedure allows litigants to incorporate certain pleadings and other documents by specific reference, however, because this privilege can be easily abused, it is within the trial court's discretion to permit incorporation by reference. *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 447 n.16 (E.D. Va. 2009) (*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006). A pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

Here, the Court agrees with the Magistrate in concluding that Plaintiff's attempted incorporation by reference would result in excessive confusion and prejudice to the forty named Defendants in this suit. Therefore, Plaintiff's Objections to the R & R regarding his attempts to incorporate his prior filings by reference are without merit. Furthermore, the Court agrees that incorporation of the pleadings in these prior cases would not save Plaintiff's action, as these pleadings also fail to meet the requirements of Rule 8.

Although this Court recognizes the United States Supreme Court's instruction that "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the Court nevertheless agrees with the Magistrate Judge Plaintiff has not alleged any discernable claims. Plaintiff's objections to the R & R (Dkt. No. 32) do nothing to elucidate his claims against the forty named defendants.

The Court also agrees that Plaintiff's failure to comply with the explicit and clear directions given by the Court should result in a dismissal of the case. By providing unambiguous instructions to Plaintiff which, if followed, would allow him to satisfy the Rule 8 pleading requirements, the Court has provided a clear way for him to state a claim, if one existed. However, as the Magistrate Judge noted, even under the most liberal construction of the allegations in the Amended Complaint and subsequent submissions, the pleading fails to allege any plausible claim against any of the Defendants. Therefore, Plaintiff's Objections to the R & R regarding his attempts to satisfy the Rule 8 pleadings requirements are without merit, and his claims must be dismissed. (Dkt. No. 32). However, the Court modifies the R & R to dismiss the action without prejudice, as it may be possible for Plaintiff to state a claim against some of the Defendants.[1]

---

[1] In his objections, Plaintiff also asks that the Magistrate Judge recuse herself or be removed. (Dkt. No. 32). A judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). In his objections and other submissions, Plaintiff has failed to provide any evidence to indicate the Magistrate Judge's impartiality might reasonably be questioned. Thus, Plaintiff's Objections to the R & R suggesting that the Magistrate Judge should have been forced to recuse herself is without merit.

## Conclusion

For the reasons set forth above, the Court ADOPTS the R & R, as modified above.

Accordingly, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 17, 2014
Charleston, South Carolina